# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GEYSI TSIDHQIYAH EL,**
        **Claimant**

v.                                                    **Case No:  6:18-mc-42-Orl-41DCI**

**US SECRETARY OF STATE and**
**SECRETARY, DEPARTMENT OF**
**HOMELAND SECURITY,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion for Leave to Proceed in forma pauperis (Doc. 2)** |
| **FILED:** | **June 8, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the matter be **DISMISSED**.

Before the Court is a miscellaneous case founded upon the filing of a document titled "Emergency Diplomatic Relations" by a "claimant" identifying as "Geysi Tsidhqiyah El, Sui Juris Heir." Doc. 1. The document further identifies the claimant as a part of the Moorish National Republic and purports to "command" the Court to recognize the claimant's "sovereign jurisdiction." *Id*. The document also contains a proclamation and a notice. *Id*. Filed in conjunction with the document was a "Memorandum to Waive all United States Municipal Court Document Fees," which the Court deems to be a motion to proceed *in forma pauperis*. Doc. 2 (the Motion). The Motion contains no information about the claimant's financial status or ability to pay the filing fee in this case. *Id*.

As part of reviewing the claimant's Motion, the Court is obligated to review the pleading associated therewith and dismiss the case if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).[1]  Although the Court must liberally construe a plaintiff's complaint, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), it is under no duty to "rewrite" the complaint. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although pro se litigants are entitled to a liberal construction of their pleadings, they are still required to conform to the procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (discussing Federal Rule of Civil Procedure 4(c)) (citation omitted).

Here, the claimant has failed to conform to the procedural rules and has failed to state a valid cause of action. Indeed, the document titled "Emergency Diplomatic Relations," which acts as the operative pleading in this matter, is incomprehensible, fails to state any valid claim for relief, and fails to provide any indication that this Court has subject matter jurisdiction over this case.

---

[1] The statute governing proceedings *in forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

In most cases, the Court will provide a pro se litigant at least one opportunity to amend a pleading prior to a dismissal with prejudice and a closure of the case. However, given the fact that it appears that the document initiating this miscellaneous case is wholly insubstantial and frivolous, it is respectfully recommended that the Court deny the Motion, dismiss the document titled "Emergency Diplomatic Relations," and direct the Clerk of Court to close this case. *See Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) ("[T]o the extent that he more broadly argues that he is a sovereign citizen and is not subject to the jurisdiction of Georgia state courts or Georgia laws, both we and the district court lack jurisdiction to consider his claim because it is 'wholly insubstantial and frivolous.'").

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 2) be **DENIED**;
2. The document titled "Emergency Diplomatic Relations" (Doc. 1) be **DISMISSED**; and
3. The Clerk of Court be directed to **CLOSE** the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 10, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy